**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROSCOE FINCH, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:21-CV-883 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is a motion to vacate, set aside, or correct sentence filed by federal prisoner Roscoe Finch under 28 U.S.C. § 2255. The case is before the Court on Respondent the United States of America's Motion to Dismiss the motion to vacate as untimely (ECF No. 4). Movant opposes the motion to dismiss (ECF No. 5). For the following reasons, the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

**Background**

Movant is a self-represented litigant who is currently incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi. On July 24, 2019, movant pleaded guilty to four counts in a Superseding Information, including two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a), one count of possession with the intent to distribute over 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846, and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States v. Finch, No. 4:19-CR-267-RLW (E.D. Mo.) ("Crim. Case"), ECF Nos. 33-34.

On October 23, 2019, this Court sentenced movant to 140 months' imprisonment and the Judgment was entered the same day. Crim. Case, ECF Nos. 43-45. Movant did not appeal, so his

conviction became final fourteen days later, on November 6, 2019. Movant filed the § 2255 motion to vacate on July 21, 2021.

Respondent the United States moves to dismiss movant's motion to vacate as untimely under the general one-year limitation period in 28 U.S.C. § 2255(f)(1). Respondent also asserts that movant's motion to vacate is not timely under any other provision or enumerated exception identified in section 2255(f). Movant responds that he was denied due process and is entitled to equitable tolling because the Court's official court reporter refused to provide him with a copy of the transcripts of his guilty plea and sentencing proceedings, which were necessary for him to prepare the § 2255 motion.

An unappealed criminal judgment becomes final, for purposes of calculating the time limit for filing a motion under § 2255, when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); see also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); United States v. Smith, 65 F. App'x 201, 202 (10th Cir. 2003) (same).

In this case, the Judgment became final on Movant's criminal judgment became final under 28 U.S.C. § 2255(f)(1) on November 6, 2019, fourteen days after it was entered. See Federal Rule of Appellate Procedure 4(b)(1)(A)(i) (a defendant in a criminal case has fourteen days after entry of judgment to file a notice of appeal). Movant's motion was due to this Court no later than November 6, 2020, in accordance with 28 U.S.C. § 2255(f)(1). The Court received movant's motion to vacate on July 21, 2021, and as such it was approximately 248 days late.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court must summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. The AEDPA requires a § 2255 motion to be filed within one year of, as relevant here, the date the challenged judgment became final. 28 U.S.C. § 2255(f)(1). See Mora-Higuera v. United States, 914 F.3d 1152, 1154 (8th Cir. 2019) (per curiam) ("Motions under § 2255 are subject to a one-year limitations period. In practice, this usually means that a prisoner must file a motion within one year of 'the date on which the judgment of conviction becomes final.'" (quoting 28 U.S.C. § 2255(f)(1))).

Equitable tolling is available in the context of a § 2255 motion, United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005), but it "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d at 803, 805 (8th Cir. 2001). Equitable tolling is appropriate only when a movant demonstrates that he was diligently pursuing his rights, but extraordinary circumstances beyond his control stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010), Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has cautioned that application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." Burks v. Kelley, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control, and which rises above "a garden variety claim of excusable neglect." Martin v.

3

Fayram, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969). "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." Wollman v. Gross, 637 F.2d 544, 549 (8th Cir. 1980).

In opposing the United States' motion to dismiss, movant asserts that he is entitled to equitable tolling because he made repeated requests to the Court, the Clerk of Court, and the official court reporter for copies of his guilty plea and sentencing transcripts, but never received them even though his girlfriend paid the required fees, and this prevented him from being able to file his § 2255 motion by the one-year deadline. See ECF No. 5-1 at 6-22, Exs. 1-10.

The first entry relating to a transcript request on the docket sheet in movant's criminal case is a letter addressed to the Court received October 16, 2020 (ECF No. 49). The letter is labeled "3rd request," and it asked the Court to order the Clerk to provide movant with transcripts and other documents to permit him to file a § 2255 motion. Movant sent additional requests for these documents (ECF Nos. 50, 53), and on December 15, 2020, the Clerk responded to movant that it had not received the required prepayment for "copies" in the amount of $37.50 (ECF No. 52).The Clerk's letter refers to payment required for copies from the Court record only, and includes no reference to transcripts.

On March 5, 2021, the Court issued an Order that addressed two of movant's requests for copies. The Order stated:

> This matter is before the Court on Defendant Roscoe Finch's requests for copies (ECF Nos. 49 and 53). Finch claims that he needs these documents to

> prepare his habeas petition. Finch also requests an extension of time to file his habeas petition because he has not received the copies. (ECF No. 53). The Court, however, previously notified Finch that it will not provide the copies without prepayment. (ECF No. 52, ECF No. 53-1). The Court notified Finch that he either had to provide prepayment or proof of payment to receive the copies. (ECF No. 52).
> 
> In an effort to advance Finch's habeas petition while also conserving Court resources, the Court will allow Finch one copy of his judgment, plea agreement, and docket sheet. The Court believes that these are the documents necessary for Finch to complete his habeas petition.
> 
> Accordingly,
> 
> IT IS HEREBY ORDERED that Defendant Roscoe Finch's requests for copies (ECF Nos. 49 and 53) is GRANTED, in part. The Clerk of the Court shall provide Finch with one copy of his judgment, plea agreement, and docket sheet. The Court will not provide any additional documents without prepayment from Finch.
> 
> IT IS HEREBY ORDERED that any Finch must file his habeas petition no later than April 15, 2021. Finch must simultaneously file a motion for leave to file his habeas petition out of time, explaining why his habeas petition was filed out of time.

(ECF No. 54 at 1-2.) The Court's Order did not purport to extend the statute of limitation, something the Court lacks the ability to do, but instead established a deadline for movant to file a motion for leave to file a § 2255 motion out of time, along with the proposed § 2255. Movant did not comply with the Court's Order.

On March 15, 2021, the Clerk sent movant a letter telling him he must complete and return an enclosed Transcript Order form in order to obtain transcripts (ECF No. 54), and also enclosed a letter from the official court reporter. The court reporter's letter informed movant he must request the transcripts from the Court's previous official court reporter, who had retired, as she made the official record of the plea and sentencing proceedings and therefore was the person who could prepare the transcripts. (ECF No. 55).

Movant filed the transcript order form on March 29, 2021, but it does not show that movant made any payment for the transcripts. (ECF No. 57). On April 30, 2021, movant sent another letter to the Court complaining that he filed a request for transcript form but the court reporter had not

5

sent a price for prepayment, and that movant had not received the transcripts, without which he could not "successfully prepare" to file for post-conviction relief. (ECF No. 58 at 1-2). Movant asked for "an extended amount of time to file for habeas relief" under § 2255. (Id. at 2.)

Based on this record, it is not clear that movant meets his burden as to the first prong of the equitable tolling test, to show he was reasonably diligent in attempting to obtain the plea and sentencing transcripts. The record shows movant's first written request for transcripts was not filed until approximately three weeks before the one-year deadline, and he did not file the required transcript order form until four months after the deadline had already passed. Even assuming that movant was reasonably diligent, the Court finds he cannot meet the second requirement for equitable tolling: to show that an extraordinary circumstance beyond his control made it impossible for him to file a motion to vacate on time. This is because movant was not entitled to transcripts prior to filing his § 2255 motion, and he therefore cannot show the existence of an extraordinary circumstance beyond his control that made it impossible for him to timely file a motion to vacate.

Under 28 U.S.C. § 2250, if a petitioner has been permitted to prosecute a petition for a writ of habeas corpus in forma pauperis, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250. The statute contemplates that a motion for collateral review of a conviction be filed before copies of the record are furnished to the moving party without cost. See Chapman v. United States, 55 F.3d 390, 390-91 (8th Cir. 1995) (any request for a free transcript prior to the filing of a Section 2255 motion is premature); United States v. Herrera-Zaraposa, 84 F. App'x 728, 729 (8th Cir. 2004) (per curiam) (unpublished opinion). Further, under 28 U.S.C. § 753(b), access to materials such as a transcript is not constitutionally required until after a judge certifies that the materials

6

are required to decide issues presented in a pending, non-frivolous case. Chapman, 55 F.3d at 391; 28 U.S.C. § 753(b). Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Chapman, 55 U.S. at 391. As a result, before a court will consider a request for copies, a criminal defendant must file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Because a criminal defendant is not entitled to free copies of transcripts prior to filing a § 2255 motion, it necessarily follows that it was not an extraordinary circumstance for movant to be unable to receive plea and sentencing transcripts, whether free or fee-paid, prior to filing his § 2255 motion. Further, there is nothing about movant's inability to receive the transcripts that made it impossible for him to file his § 2255 motion by the one-year deadline. Movant could have filed his motion at any time and then sought the transcripts under 28 U.S.C. § 753(b).

Given these facts, the Court finds that movant fails to meet his burden to show an extraordinary circumstance beyond his control which made it impossible for him to file a § 2255 motion to vacate in time, such that he could be entitled to equitable tolling of the statute of limitations. As a result, movant has failed to establish that he is entitled to equitable tolling, the motion to vacate is time barred, and this action will be dismissed. See 28 U.S.C. § 2255 Rule 4; Day v. McDonough, 547 U.S. 198, 210 (2006).

Finally, the Court considers whether to grant a certificate of appealability. When a district court denies a § 2255 motion on procedural grounds, as here, it should grant a certificate of appealability only if the movant can show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court's procedural ruling was correct. *Jimenez v.*

7

*Quarterman*, 555 U.S. 113, 118 n. 3 (2009) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In this case, movant has provided no basis for the Court to issue a certificate of appealability. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that United States of America's Motion to Dismiss as untimely (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that movant Roscoe Finch's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED and DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that movant's Motion to Supplement 2255 is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of April, 2024.